UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MILLENNIUM FUNDING, INC., *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> SURFSHARK LTD. *et al.*, <br><br> Defendants. | Civil Action No. 1:21-cv-00643-RDA-MSN |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
EX PARTE MOTION TO SERVE BY ALTERNATIVE MEANS**

In support of their Motion to Serve by Alternative Means, Plaintiffs by and through their counsel, submit this Memorandum.

**I.      CONCISE STATEMENT OF FACTS**

Plaintiffs are the owners of the copyrights of popular motion pictures ("Works") currently available for sale online and in brick and mortar retail stores. *See* First Amended Complaint ("FAC") [Doc. #12] at ¶59; Exhibit "1" to the FAC [Doc. #12-1]. Plaintiffs invested significant financial resources, time and effort in making and marketing these motion pictures based upon the expectation that they would have an opportunity to get a return on their investment from rentals and sales. Massive piracy of these motion pictures by Defendants and their subscribers have hindered this opportunity. *See Id.* at ¶60.

Defendants provide Virtual Private Network ("VPN") services for anonymous usage of the Internet by, for example, not logging subscriber access and encrypting traffic. *See Id.* at ¶81. With the cover of anonymity, Defendants blatantly encourage subscribers to use their VPN services for pirating copyright protected Works including Plaintiffs'. Indeed, Defendants

1

explicitly advertise torrenting support, piracy websites, popular bittorrent clients, and guides for torrenting, all the while acknowledging the illegality of pirating copyright protected works. *See Id.* at ¶¶166-171, 179-187. Despite this acknowledgment, Defendants utilize the fear of being caught to gain more subscribers to their VPN services, encouraging further pirating of copyright protected works, including Plaintiffs'.

To stop the massive piracy of their Works, Plaintiffs filed their original Complaint [Doc. #1] on May 25, 2021. On August 24, 2021, Plaintiffs filed their FAC [Doc. #12] against Defendants for *inter alia* infringing the registered copyrights in their motion pictures and negligent and fraudulent misrepresentation. Defendants use various avenues to conceal or complicate their real identities and physical addresses, such as utilizing alter egos, fictional entities, and outright false information. *See Id.* at ¶¶61-75. Indeed, Defendants' misleading and false information in public records forms a part of the basis of this action. *See Id.* at ¶¶249-269.

As further discussed below, pursuant to Fed. R. Civ. Pro. 4(f)(3), Plaintiffs respectfully requests this Court to use its discretion to authorize alternative service on Defendants SURFSHARK LTD. ("Surfshark"), ZENGUARD GMBH ("ZenGuard"), EXPRESS VPN INTERNATIONAL LTD. (BVI Limited Company), EXPRESS VPN INTERNATIONAL LIMITED (Isle of Man Company) (both ExpressVPN entities collectively referred to as "ExpressVPN"), and VPN CONSUMER NETWORK SERVICES by registered electronic mail. Plaintiffs respectfully assert that service by registered electronic mail is the most expeditious and effective method to provide notice on Defendants. Accordingly, Plaintiffs respectfully move this court to authorize service by registered electronic mail at the email addresses provided below.

II.     **ARGUMENT**

In order for service to satisfy due process, the methods of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co*, 339 U.S. 306, 314 (1950). Fed. R. Civ. Pro. 4(f)(1)-(3) governs service of process on an individual in a foreign country. Rule 4(f)(3) in particular states service may be effected on a defendant "by other means not prohibited by international agreement, as the court orders."

In applying Rule 4(f)(3), a court may authorize a method of service if the method: 1) is not prohibited by international agreement and 2) comports with constitutional notions of due process. See *WhosHERE, INC. v. ORUN*, Civil Action No. 1: 13-cv-00526-AJT-TRJ at *5 (E.D. Va. Feb. 20, 2014) (citation omitted). A method of service comports with due process when it gives notice to the defendant under the circumstances. *See Mullane*, 339 U.S. 306, 314 (1950). Courts have applied Rule 4(f)(3) to "authorize service by differing modes of electronic and online communications including email and social networking sites like Facebook." *Id.* (supporting case citations omitted). "Ultimately, the decision whether to order alternative service of process under Rule 4(f)(3) is within the sound discretion of the court." *Id.* at 4 (citations omitted).

**A. The Alternative Mean proposed by Plaintiffs is not prohibited by international agreement.**

Plaintiffs' proposed alternative means of service of registered electronic mail is not prohibited by an international agreement. Defendants Surfshark (British Virgin Islands) and Express VPN (British Virgin Islands and Isle of Man) are under the authority of the United Kingdom (*see* https://www.hcch.net/en/states/authorities/details3/?aid=681 [last accessed on

August 25, 2021]), and Defendant ZenGuard is a German entity. The United States, the United Kingdom and Germany are parties to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). See https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 [last accessed on August 25, 2021]. Therefore, the Hague Convention is the international agreement for Defendants Surfshark, Express VPN, and ZenGuard.

Article 10 of the Hague Convention states that "Provided the State of destination does not object, the present Convention shall not interfere with a) the freedom to send judicial documents, by postal channels, directly to persons abroad". Hague Convention, Art. 10.

The United Kingdom has not given an opposition to Article 10(a), however, Germany has opposed Article 10(a). See https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=402&disp=resdn [last accessed on August 25, 2021]. Still, numerous Courts have determined that even for countries that have objected to service through postal channels under Article 10 of the Hague Convention, email service is still permissible. *See, E.g., CELGARD, LLC v. SHENZEN SENIOR TECHNOLOGY MATERIAL CO. LTD.,* No. 3: 20-cv-130-GCM at *3 (W.D.N.C. May 20, 2020) ("Thus, under Rule 4(f)(3), Plaintiff may request service via email—which, as noted above, does not appear to be prohibited by the Hague Convention—regardless of whether there is an emergency."); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. 06-06572-JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (distinguishing email from postal mail and concluding that service by email to parties in the Czech Republic, Norway, Switzerland, and Ukraine was permissible); *Fourte International Limited BVI v. Pin Shine Industrial Co.*, No. 18-cv-00297-BAS-BGS (S.D. Cal. Jan. 17, 2019) (finding email service to parties in Taiwan permissible). Notably, in *FTC*

*v. PCCare247 Inc.*, the Southern District of New York permitted the Federal Trade Commission to serve Defendants in India by both email and through their Facebook account after the Indian Central Authority was unable to formally serve the Indian defendants pursuant to the Hague Convention despite India's objection to Article 10(a). *See FTC v. PCCare247 Inc.*, 2013 WL 841037 at 3-4 (S.D.N.Y Mar. 7, 2013).

The alternate means requested by Plaintiffs is registered email, which was not a medium considered by the Hague Service Convention. Accordingly, service by registered email on Defendants Surfshark, Express VPN, and ZenGuard is not prohibited by international agreement.

Defendant VPN Consumer Network Services is a Panamanian entity. The United States and Panama are parties to the Inter-American Convention on Letters Rogatory ("IACLR"). Thus, the IACLR is the international agreement for judicial service in Panama.

Article 2 of the IACLR provides that:

> "This Convention shall apply to letters rogatory issued in conjunction with proceedings in civil and commercial matters held before the appropriate judicial or other adjudicatory authority of one of the States Parties to this Convention, that have as their purpose:
> > a. The performance of procedural acts of a merely formal nature, such as service of process, summonses or subpoenas abroad;

Inter-American Convention on Letters Rogatory, January 30, 1975, S. TREATY DOC. No. 27, 98th Cong., 2d Sess., Art. 2 (1984). However, as the Fifth Circuit concluded, "the Inter-American Convention on Letters Rogatory does not foreclose other methods of service among parties residing in different signatory nations, if otherwise proper and efficacious." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 647 (5th Cir. 1994). The District of Maryland recently adopted the logic of *Kreimerman* and allowed alternative

5

service under Rule 4(f)(3) of a Panamanian corporation. *See RoyaltyStat, LLC v. IntangibleSpring Corp.*, Civil Action No. PX 15-3940, 2017 U.S. Dist. LEXIS 33596, at *8-9 (D. Md. Mar. 9, 2017). Thus, service by email on Defendant VPN Consumer Network Services is not prohibited by the IACLR.

Accordingly, service by email on Defendant VPN Consumer Network Services is not prohibited by any international agreements.

**B. The Alternative Mean proposed by Plaintiffs Comports with Due Process.**

Serving Defendants by their email addresses comports with due process because this approach is reasonably calculated under the circumstances to provide Defendant notice of this action. All email addresses are those that Defendants publicly identify on their own websites, third-party records such as of the American Registry of Internet Numbers ("ARIN") or the Internet Corporation for Assigned Names and Numbers ("ICANN"). The regulations established by the ICANN require a Registrar to obtain and provide the email address of the registrant for the publicly available WHOIS records. See 2013 Registrar Accreditation Agreement at ¶¶3.3.1.3-3.3.1.8, https://www.icann.org/resources/pages/approved-with-specs-2013-09-17-en [Last accessed on August 26, 2021]. The WHOIS records shows the registrant email, admin, and technical contact for a website. Thus, each of the email addresses compiled below are submitted by Defendants themselves and is reasonably calculated under the circumstances to provide Defendants with notice.

| Defendant | Source | Email Address |
|---|---|---|
| Surfshark | Website (*see* | support@surfshark.com |

| | | |
|---|---|---|
| LTD. | Decl. of Joshua Lee at ¶3. | |
| | Whois records for surfshark.com (see Exhibit "1") | surfshark.com@namebrightprivacy.com |
| ZenGuard GMBH | Whois records for zenmate.com (see Exhibit "2") | da66cd8ef157fc6ab22ffae92aa56468.gdrp@customers.whoisprivacycorp.com |
| | Website (*see* Decl. of Joshua Lee at ¶3. | germany@kape.com |
| Express VPN (BVI); Express VPN (Isle of Man) | ARIN Records (*see* FAC at ¶¶211, 252, 335, 340) | abuse-reports@vpnconsumer.com |
| | ARIN Records (*see* Decl. of Joshua Lee at ¶6) | abuse@expressvpn.com |
| | Website (see Decl. of Joshua Lee at ¶¶4-5) | support@expressvpn.zendesk.com |
| | Whois records for | 052kjgvi9p76@idp.email |

| | | |
|---|---|---|
| | expressvpn.com (see Exhibit "3") | |
| VPN Consumer Network Services | ARIN Records and website (*see* FAC at ¶¶211, 252, 335, 340) | abuse-reports@vpnconsumer.com |
| | Whois records for vpnconsumer.com (see Exhibit "4") | 0392lmkb6n8x@idp.email |

Additionally, by using a third-party company such as RPost, Plaintiffs can confirm whether the email was received by the email addressee. *See, e.g., HUDSON FURNITURE, INC. v. Mizrahi*, No. 20 Civ. 4891 (PAC) (S.D.N.Y. Sept. 1, 2020) (finding service by RPost appropriate to confirm notice by defendant); *Microsoft Corp. v. Gameest Int'l Network Sales Co.,* 2017 WL 4517103, at *5 (N.D. Cal. Oct. 10, 2017) (stating that court allowed email service through a third-party company that confirmed that the emails were received and opened). Thus, service in the manner requested comports with due process by allowing for confirmation of notice.

Accordingly, Plaintiffs respectfully submit that service through email is particularly appropriate here because Plaintiffs seek to use registered email and, as the record reflects, Defendant utilize these email addresses to engage in online business and publicly identify these email addresses as their own.

III. <u>CONCLUSION</u>

8

For the reasons stated, Plaintiffs respectfully request that the Court grant authorization pursuant to Fed. R. Civ. Pro. 4(f)(3) to serve by the alternative means of registered email on Defendants Surfshark, Express VPN, ZenGuard, and VPN Consumer Network Services.

DATED: Kailua Kona, HI, August 27, 2021.

        Respectfully submitted,
        /s/ Kerry S. Culpepper
        Kerry S. Culpepper
        Virginia Bar No. 45292
        Counsel for Plaintiffs
        CULPEPPER IP, LLLC
        75-170 Hualalai Road, Suite B204
        Kailua-Kona, Hawai'i 96740
        Tel.: (808) 464-4047
        kculpepper@culpepperip.com